DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas denying appellants' motion for revision of court costs. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, Country Estates of Wood County and Mary Ann Robon, set forth the following sole assignment of error:
 {¶ 3} "The trial court erred and/or abused its discretion in taxing appellants for the appellees' costs of service by publication on non-appearing defendants."
 {¶ 4} On February 7, 2002, appellees filed a complaint to quiet title to a parcel of land in Wood County, Ohio. On February 28, 2002, appellants filed a joint answer and counterclaim. On June 16, 2003, appellees filed for summary judgment. On September 5, 2003, appellees' motion for summary judgment was granted. On July 1, 2004, the initial granting of summary judgment to appellees was reversed by this court. On January 12, 2005, the matter proceeded to jury trial. The jury ruled in favor of appellees.
 {¶ 5} On February 17, 2005, appellants appealed the jury verdict. On January 13, 2006, this court affirmed the trial court jury verdict. On March 20, 2006, appellants filed a post-judgment motion for revision of costs, contesting that portion of the costs attributable to service by publication on non-appearing codefendants. Appellants' motion for revision of costs was denied. Appellants filed a timely notice of appeal.
 {¶ 6} The issue before this court on appeal is narrow and concise. Appellants dispute the propriety of the trial court's inclusion of the costs of service by publication on non-appearing codefendants against appellants. The amount in controversy is $1,251.30. This is the expense sustained by the clerk in perfecting service by publication in the Bowling Green Sentinel Tribune upon non-appearing codefendants.
 {¶ 7} In their assignment of error, appellants claim the trial court abused its discretion by imposing these costs upon appellants. Appellants succinctly summarized the dispute in captioning their brief, "We lost our land and now we have to pay for what?!!"
 {¶ 8} Appellants later concede that they too had similarly done service by publication against non-appearing defendants. The crux of appellants' claim that the trial court abused its discretion is their assertion that the trial court lacked authority to tax the disputed publication expenses against appellants. Appellants furnish no relevant legal authority in support of this position.
 {¶ 9} Civ.R. 54(D) establishes a trial court's authority to award costs to the prevailing party in contested litigation. Civ.R. 54(D) states, "Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Civ.R. 54(D) clearly vests the trial court with the discretion to award costs to a prevailing party against an adverse party. Civ.R. 54(D) does not in any way curb or preclude the authority of the court to impose costs against the non prevailing party such as those in dispute. Similarly, there is no case law suggesting the imposition of such costs is improper.
 {¶ 10} This court consistently abides by the principle that it may not substitute its judgment for that of the trial court absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029, 2004-Ohio-3908, at ¶ 44. It is axiomatic that an abuse of discretion finding demands more than a mere error of law or judgment. Such a finding requires the trial court's attitude be so arbitrary or unconscionable that it is grossly violative of fact or logic. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 11} We have thoroughly reviewed the record in this case. We find no material, factual, or compelling evidence in the record establishing that the trial court's award of the costs of service by publication upon non-appearing defendants against appellants constituted an abuse of discretion. While it is clear that appellants are disgruntled at the notion of having to incur the costs, the trial court did not abuse its discretion. Appellants' assignment of error is found not well-taken.
 {¶ 12} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Parish, J., Glasser, J., Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.